WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Ali Hadi Mubarak,<br><br>                Defendants. | No. CR-15-00183-003-PHX-DJH (ESW)<br><br>**ORDER** |

The Court has considered Defendant Ali Mubarak's Motion for Review of Detention Order (Doc. 44) and the Government's Response (Doc. 48). In part, Defendant brings the Motion pursuant to 18 U.S.C. § 3142(f)(2)(B), which authorizes the undersigned to reopen a detention hearing to consider information which exists that was not known to the movant at the time of the hearing. The new information must also have a material bearing on the issue of detention or release. *See U.S. v. Dillon*, 938 F.2d 1412 (1st Cir. 1991).

The Motion (Doc. 44) also seeks a *de novo* review pursuant to 18 U.S.C. § 3145(b), which provides for amendment or revocation of a detention order by a District Court Judge. *See U.S. v. Gebro*, 948 F.2d 1118 (9th Cir. 1991) (District Court Judge has jurisdiction to review a Magistrate Judge's decision to detain or release a defendant pre-trial). In reviewing a Magistrate Judge's decision to deny pre-trial release, the District Court Judge reviews all factual determinations *de novo*. *U.S. v. Koenig*, 912 F.2d 1190, 1191-93 (9th Cir. 1990). The District Court Judge may hold a new evidentiary hearing,

grant further argument, or read a transcript of the proceedings previously held. *See United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980); *Koenig*, 912 F.2d at 1192.

For *de novo* review, the undersigned refers the case to the assigned District Court Judge. For review pursuant to 18 U.S.C. § 3142(f)(2)(B), the undersigned considers the information presented in briefing.

On February 18, 2015, the Grand Jury returned an Indictment charging Ali Hadi Mubarak (aka Jihad Hadi Mubarak) with the following: (1) Conspiracy to Provide False Statement under Oath in a Matter Relating to Naturalization/Citizenship and Unlawful Procurement of Citizenship; (2) three counts of False Statement under Oath in a Matter Relating to Naturalization/Citizenship; (3) Unlawful Procurement of Citizenship. (Doc. 1). A detention hearing was held on February 23, 2015. Defendant was detained as a flight risk. (Doc. 29).

In his Motion (Doc. 44), Defendant presents no new information that was not known to the Defendant at the time of his detention hearing that has a material bearing on whether there are conditions of release that will reasonably assure Defendant's presence at his next hearing. Defendant's Motion (Doc. 44) is denied regarding the request to reopen pursuant to 18 U.S.C. § 3142(f)(2)(B).

The Motion (Doc.44) is also referred to the assigned District Court Judge for further action deemed appropriate.

Dated this 31st day of March, 2015.

Honorable Eileen S. Willett
United States Magistrate Judge

- 2 -